IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3:10-CR-0075-O |
| | § | NO. 3:12-CV-1405-O-BD |
| JASON WAYNE CHILDS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Jason Wayne Childs, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. Based on the relevant filings and applicable law, the motion should be denied.

I.

Defendant pled guilty to one count of attempted receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). Punishment was assessed at 210 months confinement followed by a lifetime term of supervised release. Although defendant waived his right to appeal and to seek post-conviction relief as part of his plea agreement, he appealed his conviction and sentence. The appeal was dismissed after defense counsel filed an *Anders* brief certifying that there were no nonfrivolous issues for appeal. *United States v. Childs*, 437 F. App'x 347 (5th Cir. 2011). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

Defendant contends that: (1) his guilty plea was involuntary; (2) the prosecutor failed to disclose evidence favorable to the defense; (3) his conviction was the result of an unconstitutional search and seizure; and (4) he received ineffective assistance of counsel prior to his guilty plea and

1

at his sentencing hearing.

## A.

Defendant alleges that his guilty plea was "unlawfully induced or not made voluntarily" because it was compelled by statements by his attorney and the prosecutor that if he did not enter a guilty plea, the prosecutor would ensure his detention, add a charge of production of child pornography, charge defendant's mother with a criminal offense, make certain that defendant would be convicted of all charges and sentenced to the maximum punishment, and ensure that defendant would never see his children again. (*See* Def. Mot. at 7A; *see also* Doc. #10 at 1-2). It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (*citing Brady v. United States*, 397 U.S. 742, 748 (1970)). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (*quoting Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

Prior to accepting his guilty plea, the court fully admonished defendant in accordance with the requirements of Rule 11. Defendant testified under oath that he received a copy of the

indictment and understood the essential elements of the offense, (*see* Rearraign. Tr. at 9-10, 12-13), that he read and understood the factual resume, (*see id.*, Rearraign. Tr. at 24), that he understood the range of punishment, (*see id.,* Rearraign. Tr. at 15-16), and that he committed all of the essential elements of the crime as set forth in the factual resume.  (*Id.,* Rearraign. Tr. at 13, 24).  Defendant told the judge that his guilty plea was not the result of any promises, threats, or assurances of any kind.  (*Id.,* Rearraign. Tr. at 21).  When asked if anyone "mentally, physically, or in any other way attempted to force [him] to plead guilty in this case[,]" defendant answered, "No, sir."  (*Id.*, Rearraign. Tr. at 21).  This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).   Nothing in the record supports defendant's conclusory and self-serving assertion that his plea was improperly induced or otherwise involuntary.  *See Salazar v. United States*, No. 3:08-CV-1799-L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).

### B.

In separate grounds for relief, defendant contends that the prosecutor failed to disclose favorable evidence and that his conviction was the result of an unconstitutional search and seizure. The government counters, *inter alia*, that defendant waived his right to challenge his conviction on these grounds as part of the plea agreement.

The Fifth Circuit has held that a defendant may waive his right to appeal or to seek post-conviction relief as part of a valid plea agreement, "provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of

the agreement." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011) (*quoting United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006)).  A waiver is knowing and voluntary if the defendant knows he has the right to appeal his sentence and that he is giving up that right.  *Id.*  The defendant must also understand the consequences of the waiver.  *Id.*  "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver."  *Id.*

As part of the plea agreement in this case:

> Childs waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  *He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.*  Childs, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error (in addition or subtraction) at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Plea Agr. at 5, ¶ 10) (emphasis added).  This waiver provision was read aloud to defendant at rearraignment.  (*See* Rearraign. Tr. at 18-21).  Defendant told the judge that he understood the effect of his waiver and had no questions about it.  (*Id.,* Rearraign. Tr. at 21).  Because defendant knowingly and voluntarily waived his right to seek post-conviction relief except on limited grounds, none of which are implicated by his *Brady* claim or his Fourth Amendment claim,  those grounds are barred from collateral review.[1]

---

[1] Even if these claims were not waived by the plea agreement, they could have been raised on direct appeal and are procedurally barred for that reason.  *See United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (post-conviction relief under section 2255 is generally limited to constitutional issues that could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice).

C.

Finally, defendant contends that he received ineffective assistance of counsel because his attorneys: (1) failed to "mitigate" the coercive conduct of the prosecutor, (2) did not fully prepare, investigate, or lodge proper objections, (3) refused to file a motion to suppress evidence seized pursuant to a search warrant, (4) did not file a motion to withdraw guilty plea, (5) refused to file an "alternative PSR," (6) failed to subpoena or present expert or other witnesses, (7) failed to object to the prosecutor's use of the "Butner study," and (8) failed to object to the sentence imposed.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 466 U.S. at 687-88. Second, the defendant must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 692. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989).

2.

Initially, the Court has determined that defendant's guilty plea was voluntary and was not improperly induced. Accordingly, defendant's conclusory claims that his attorney was ineffective for permitting his guilty plea or failing to prevent various acts of coercion are without merit. Similarly, defendant has not established any error regarding trial counsel's alleged failure to prepare, investigate, or lodge unspecified objections. *See Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir.

5

1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Defendant has not shown what additional investigation would have revealed nor established that additional objections or the testimony of additional witnesses would have persuaded the Court to impose a lesser sentence of imprisonment.

3.

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Here, defendant suggests that his attorney should have filed a motion to suppress because the officers failed to knock and announce their presence prior to entry, and did not present defendant's mother a complete search warrant upon request. Even had counsel raised these claims, they would not have resulted in the exclusion of any evidence. *See United States v. Bruno,* 487 F.3d 304, 305-06 (5th Cir. 2007) (*citing Hudson v. Michigan*, 547 U.S. 586 (2006)) (suppression of evidence is not an available remedy for violations of the 'knock and announce' rule of 18 U.S.C. § 3109); *see also United States v. Grubbs,* 547 U.S. 90, 98-99 (2006) (neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires that the executing officer present a copy of the warrant before conducting his search). Thus, counsel was not ineffective for failing to file a motion to suppress on Fourth Amendment grounds.

4.

Defendant also complains that his attorney was ineffective for failing to seek withdrawal of his guilty plea, file an "alternative PSR," subpoena or present expert or other witnesses at sentencing, object to the prosecutor's use of the "Butner study," and object to the reasonableness

6

of the sentence imposed.

Initially, defendant contends that his attorneys rendered ineffective assistance when they failed to move to withdraw his guilty plea prior to sentencing. Once the Court accepts a guilty plea, the defendant may withdraw the plea prior to sentencing only if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2). Seven factors are relevant to this inquiry:

> whether (1) the defendant asserted his innocence, (2) withdrawal would cause the government to suffer prejudice, (3) the defendant delayed in filing the motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources.

*United States v. Powell,* 354 F.3d 362, 370 (5th Cir. 2003) (*citing United States v. Carr,* 740 F.2d 339, 343-44 (5th Cir. 1984)). Other than suggesting that his possession of child pornography was related to an interest in nudism, movant has not asserted his innocence. Indeed, his testimony at sentencing conceded his guilt. (*See* Sent'g Tr. at 44). As already found, defendant's plea was knowing and voluntary. His stated purpose for withdrawing the plea – to challenge the search warrant for violation of the federal "knock and announce" statute – is without merit. In short, defendant has not established that a fair and just reason existed for requesting withdrawal of his guilty plea. Therefore, counsel had no legitimate basis to request withdrawal of the plea and did not render deficient representation by failing to do so.

Prior to sentencing, defendant's attorney filed a written motion for variance and downward departure, submitted a clinical evaluation by a psychologist, and submitted an objection to the distribution enhancement applied under the Sentencing Guidelines. Counsel effectively urged such objection at sentencing, submitted letters on defendant's behalf, and presented the testimony of two

family members and defendant.   Defendant has failed to establish that additional witnesses, argument, or objections by counsel would have resulted in a lower sentence.  *See United States v. Grammas,* 376 F.3d 433, 439 (5th Cir. 2004) (*citing Glover v. United States,* 531 U.S. 198, 203 (2001).  Accordingly, defendant has not established that his attorney was ineffective in any way.

### RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

**SO RECOMMENDED on this 19th day of November, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE